UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JONAS GERONIMO-DOMINGUEZ,

                          Plaintiff,

          -vs-                                        07-CV-406C

VILLAGE OF ALBION, et al,

                          Defendants.

---

APPEARANCES:   NIXON PEABODY LLP (TERENCE LEE ROBINSON, ESQ., of
               Counsel), Rochester, New York, for Plaintiff.

               BOUVIER PARTNERSHIP LLP (PAULA M. EADE NEWCOMB,
               ESQ., of Counsel), Buffalo, New York, for Defendants Village of
               Albion, Village of Albion Police Department, and Officer Jeff Gifaldi.

## INTRODUCTION

This case arises out of a motor vehicle stop in the Village of Albion on October 20,

2006.   Plaintiff commenced this action on June 26, 2007, alleging claims for false

imprisonment and for the violation of civil rights pursuant to Title 42 U.S.C. § 1983 based

on his allegedly unlawful arrest.  Item 1.[1]  On February 19, 2008, defendants Village of

Albion, the Village of Albion Police Department,  and Officer Jeff Gifaldi filed a motion for

summary judgment dismissing the complaint.  Item 14.  The court heard oral argument on

September 16, 2009.  For the reasons that follow, the motion is granted.

---

[1]  Plaintiff filed an amended complaint on October 17, 2008, in which he deleted his claims
against the United States Customs and Border Protection, the United States Immigration and Customs
Enforcement, and all federal immigration and border patrol agents.  Item 27.

## BACKGROUND and FACTS

On October 20, 2006, Officer Jeff Gifaldi of the Village of Albion Police Department was on routine patrol in the Village. Item 14, Exh. E ("Gifaldi Aff."), ¶ 4. According to the officer, a vehicle driven by the plaintiff pulled out into traffic in front of his patrol car. Officer Gifaldi followed the car, activated his lights, and pulled the car over. *Id.*

Officer Gifaldi requested the driver's license and registration. When the driver and the two passengers indicated that they did not speak English, Officer Gifaldi telephoned Officer Todd Watkins of the United States Border Patrol to assist in translating. Gifaldi Aff., ¶¶ 6, 8. The only document provided to Officer Gifaldi was plaintiff's resident alien card. *Id.,* ¶ 13. After speaking with them by telephone, Officer Watkins advised Officer Gifaldi that the two passengers had entered the United States illegally and that he could not verify plaintiff's status, and instructed Officer Gifaldi to transport all three men to the Albion Police Department. *Id.,* ¶ 16. Officer Gifaldi then took the three men in his patrol car to the police station. *Id.,* ¶ 19.

Officer Gifaldi checked the New York State Department of Motor Vehicles database and found that plaintiff did not have a driver's license. Gifaldi Aff., ¶ 21. He issued two citations--one for failure to yield the right of way and one for unlicensed operation of a motor vehicle. Officer Gifaldi gave the citations to plaintiff as Officer Watkins was leaving the police station with the three men. *Id.,* ¶ 23.

According to the plaintiff, he was driving his vehicle on October 20, 2006 with two passengers and had just left a restaurant when he noticed a police car behind him. Item

2

14, Exh. D ("Plaintiff's Test."), p. 16. The officer activated his lights, and plaintiff pulled into a nearby parking lot. *Id.,* p. 18. Officer Gifaldi asked for plaintiff's license, and plaintiff told him that he did not have a license. He also told the officer that he "didn't understand a lot of English." *Id.,* p. 19. Plaintiff gave Officer Gifaldi his worker permit, his visa, and his Social Security card. *Id,* p. 20.

Officer Gifaldi then handed plaintiff a telephone so that he could speak with a translator. Plaintiff's Test., p. 23. The translating officer told plaintiff and his passengers to show their identification to Officer Gifaldi. *Id.,* pp. 25-27. Plaintiff heard his passengers tell the officer that they were not in the United States legally. *Id.,* p. 30. Officer Gifaldi then took the three men to the police station. *Id.*

Plaintiff testified that Officer Gifaldi placed the men in handcuffs and sat them in a room at the police station. Plaintiff's Test., p. 32. An immigration officer arrived about 30 minutes later. Plaintiff and his passengers were transported to an office in Rochester, and then later to a detention facility in Batavia. Plaintiff was at the Batavia facility for three days, until his attorney arranged for his release. *Id.,* pp. 46-47. His passengers were deported to Mexico. *Id.,* p. 52. Plaintiff pled guilty in Albion Town Court for driving without a license. *Id.,* p. 52.

## DISCUSSION

Defendants contend that the complaint must be dismissed. First, they argue that the Village of Albion Police Department is not a separate entity subject to suit. They further argue that plaintiff's guilty plea to a traffic violation is a complete defense to his claim of false arrest. Defendants also contend that Officer Gifaldi enjoys immunity from suit and

that plaintiff has failed to state a section 1983 claim against the municipality.

It is well settled that the Village of Albion Police Department is merely an administrative arm of the municipality and is thus not subject to suit. *See Willard v. Town of Hamburg,* 1996 WL 607100, *1 (W.D.N.Y. September 30, 1996); *Loria v. Town of Irondequoit,* 775 F.Supp. 599, 606 (W.D.N.Y. 1990). It is also settled law that plaintiff's plea of guilty to the charge of unlicensed operation of a motor vehicle is a complete defense to the claims of false arrest and imprisonment.

To state a claim under § 1983, a plaintiff must show that: (1) the defendants acted under "color of state law" and (2) their conduct or actions deprived the plaintiff of a right, privilege, or immunity guaranteed by the Constitution or laws of the United States. *See Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 994). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir.1993), *cert. denied,* 512 U.S. 1240 (1994).

Plaintiff alleges that Officer Gifaldi "intentionally arrested Plaintiff under the false pretense of an immigration violation" (Item 27, ¶ 53) and turned him over to immigration officials "without just cause and without a warrant" Item 27, ¶ 62. To succeed on a claim of false arrest pursuant to section 1983, a plaintiff must prove the same elements required pursuant to New York State law. *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). Under New York law, a plaintiff claiming false arrest must show: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged.

4

*See Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003).

If an arrest was made without a warrant, there is a presumption of illegality, which may be overcome by proving the affirmative defense of the existence of probable cause. *See Curry v. City of Syracuse*, 316 F.3d 324, 335 (2d Cir. 2003); *Wilder v. Village of Amityville*, 288 F.Supp.2d 341, 344 (E.D.N.Y. 2003), *aff'd,* 111 Fed. Appx. 635 (2d Cir. 2004), *cert. denied,* 544 U.S. 949 (2005). "The existence of probable cause is a legal question that the Court may decide if there are no disputed issues of material fact." *Wilder,* 288 F.Supp.2d at 344. Probable cause exists when the arresting officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant*, 101 F.3d at 852.

A valid prosecution resulting in conviction is conclusive evidence that probable cause existed for an arrest, *see Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir.1986), *cert. denied,* 481 U.S. 1016 (1987), even if the conviction is the result of a plea of guilty to a lesser charge than that for which plaintiff was arrested. *See Feurtado v. Gillespie*, 2005 WL 3088327, at *6 (E.D.N.Y. November 17, 2005) (plaintiff's guilty plea to superseding indictment barred section 1983 claim) (citations omitted); *Sealey v. Fishkin*, 1998 WL 1021470, at *4 (E.D.N.Y. December 2, 1998) (conviction on any charge is conclusive evidence of probable cause) (citations omitted); *Butron v. County of Queens Police Dep't, 110 Precinct*, 1996 WL 738525, at *2 (E.D.N.Y. December 23, 1996) (plea to charge in satisfaction of all other charges bars section 1983 claim) (citations omitted). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other

harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). Here, plaintiff was charged with two traffic violations and pled guilty to unlicensed operation of a motor vehicle. Since his conviction establishes that probable cause existed for the arrest, plaintiff's claims for false arrest must fail. *See Feurtado,* 2005 WL 3088327, at * 5 ("if the plaintiff in a civil rights action alleging false arrest is convicted by trial or through plea of the underlying charge, his Section 1983 action must be dismissed").

Even assuming, as plaintiff argues, that Officer Gifaldi lacked probable cause to stop the plaintiff's vehicle in the first instance, the alleged illegality of the stop would not give rise to damages for plaintiff's arrest and later detention. *See Townes v. City of New York,*176 F.3d 138, 149 (2d Cir.), *cert. denied,* 528 U.S. 964 (1999) ("The lack of probable cause to stop and search does not vitiate the probable cause to arrest, because (among other reasons) the fruit of the poisonous tree doctrine is not available to assist a §1983 claimant.").[2] Plaintiff promptly advised the officer that he did not have a driver's license, a fact which was later confirmed. Plaintiff subsequently pled guilty to unlicensed operation of a motor vehicle, and his arrest was thus lawful. Plaintiff also admitted that his English was limited, justifying Officer Gifaldi's decision to call for assistance from a translator from

---

[2] The court notes that plaintiff's claims are based exclusively on the theory of false arrest and imprisonment, and not on a violation of his constitutional rights during the initial stop. Any possible damage claim under the latter theory would be limited to the brief invasion of privacy prior to the plaintiff's arrest, but plaintiff has not pleaded such a claim in the complaint. *See Townes,* 176 F.3d at 149.

the United States Border Patrol in conformance with department policy. *See* Item 14, Exh. F, ¶ 7. Officer Watkins instructed Officer Gifaldi to bring the men to the police station when it was determined that the passengers were in the United States illegally and plaintiff's status could not be confirmed. Plaintiff's subsequent detention by Immigration officials, when they could not verify his immigration status, was not the result of any constitutional violation by the Village of Albion or Officer Gifaldi.

The court need not reach the issues of qualified immunity or the existence of a municipal policy in violation of section 1983. As plaintiff has failed to allege an actionable constitutional violation, his claims against both Officer Gifaldi and the Village of Albion are dismissed. Plaintiff argues that the motion is premature and he requires discovery to support his claim that the Village of Albion has a policy of harassing Hispanics and inadequately trains its officers on how to properly determine a person's immigration status. No amount of discovery can create a false arrest by the Village or Officer Gifaldi, however, where plaintiff pled guilty to the underlying traffic violation.

## CONCLUSION

The defendants' motion is granted, and the complaint is dismissed. The Clerk is directed to enter judgment in favor of defendants.

So ordered.

_____\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated: September 25 , 2009
p:\opinions\07-406.sep1809

7